FILED

# FEDERAL DISTRICT COURT

# EASTERN DISTRICT OF VIRGINIA

2009 DEC 31 P 2: 10

CLERK
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| **DAVID B. NOLAN, SR.** | ) | Case No. 1:09CV1426-JCC/TCB |
| 8310 Wagon Wheel Road | ) | |
| Alexandria, Virginia 22309 | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Jury Requested |
| | ) | |
| **ARLINGTON COUNTY,** | ) | |
| 1435 N. Courthouse Road | ) | |
| Arlington, VA 22201 | ) | |
| | ) | |
| **EVIE LYNN** | ) | |
| Bolling Air Force Base | ) | |
| Washington, D.C. | ) | |
| | ) | |
| **KEVIN LYNN** | ) | |
| Bolling Air Force Base | ) | |
| Washington, D.C. | ) | |
| | ) | |
| Does 1 through 30 | ) | |
| Defendants. | ) | |

## COMPLAINT

1. The Plaintiff, David B. Nolan, hereby removes to Federal Court his pending Traffic Court,

1.

Court matters in Arlington County concerning his liberty and property interests protected by federal law guarantees.

2. The plaintiff further raises the deprivation of his civil rights protected by 42 U.S.C. 1862, 42 U.S.C. 1983,

42 U.S.C. 1985, the Virginia State Constitution, the Fourteenth Amendment to the United States Constitution, and state and

federal statutes as discussed below.

3. The Plaintiff is a fifty-eight year old white male, U.S. citizen, and Virginia resident who lives at 8310 Wagon Wheel Road,

Alexandria, Virginia 22309.

4. On June 1, 2009, Defendants Evie and Kevin Lynn inspected and took possession of plaintiff's rental property at 2310

S. Fort Scott Drive, Arlington, Virginia 22202.

5. Defendants paid the $3300 monthly rent under a four year written lease for June and July 2009.

6. On or about July 6, 2009, Evie Lynn told plaintiff over the phone that she had retained an attorney to contrive a basis to get out of the remaining forty-six (46) months of the four year lease,

7. Plaintiff's five- bedroom residential property with swimming pool on prestigious Fort Scott Drive appraised for $1, 060,000 in year 2005.

8. The comparable sale to plaintiff's mansion is 2315 S. Fort Scott Drive which sold for 1.3 million dollars in year 2008.

9. On or about July 16, 2009, Defendants Evie and Kevin Lynn colluded with Arlington County Department of Environmental Health employee Freeman to condemn the luxury 2310 S. Fort Scott Drive home as a false pretext to void the four year lease.

10. Arlington County mailed a knowingly false condemnation notice to plaintiff as a predicate act of mail fraud within the meaning of 18 U.S.C. 1341 in furtherance of the criminal enterprise by Captains Lynn of the U.S. Coast Guard within the meaning of 18 U.S. 1961 et seq. to impose duress upon the Plaintiff and to injure him financially.

11. Upon reinspection by the Arlington County Fire Department and Top Hot Chimney Sweep the alleged code deficiencies of smoke detectors and gas hot water heater venting were each contradicted.

12. When I compelled the Arlington County Department of Environment Services to conduct a supervised reinspection, the July 16, 2009 condemnation was reversed.

13. Arlington County is not a municipality that can assert sovereign immunity for the intentional/ and negligent acts of its Department of Environmental Services, Sheriff's Office and/or Police Office.

14. Complete diversity exists between the plaintiff and defendants Lynn, who vacated the premises on or about July 27, 2009 and the amount of their joint and several liability in controversy exceeds $150,000.

15. The Plaintiff has exhausted his administrative remedies before the Arlington County Board.

First Cause of Action

16. On or about October 4, 2009, the Arlington County Sheriff's Office and the Arlington County Police Department colluded to service the plaintiff with a misdemeanor slumlord complaint regarding the alleged July 16, 2009 housing deficiency already been proven false by three independent professional evaluators.

17. The scheduled January 4, 2010 slumlord trial is moved to federal district court herein.

## Second Cause of Action

18. Paragraphs 1 through 17 are incorporated by reference as if fully set forth.

19 Arlington County has falsely charged plaintiff and he has paid $7,100 in property taxes on my Fort Scott Drive mansion, for a property that it falsely claimed was "uninhabitable."

## Third Cause of Action

20. Paragraphs 1 through 16 are incorporated by reference as if fully set forth.

21. As part of a racketeering scheme within the meaning of 18 U.S.C. 1961 et seq., Arlington County Environmental Services officer Freeman "condemned" plaintiff's mansion as a pretext for terminating plaintiff's property right in rent under a four year lease for $154,400. These damages are trebled as a RICO violation under 18 U.S.C. 1961 et seq.

## Third Cause of Action

22 Paragraphs 1 through 21 are incorporated by reference as if fully set forth.

23. Arlington County has falsely disparaged plaintiff's 2310 S. Fort Drive mansion so that he has not been able to re-rent the 3600 square foot mansion at its market rate of $3,600 per month in year 2009.

### Fourth Cause of Action

24. Paragraphs 1 through 23, are incorporated by reference as if fully set forth.

25. Arlington County has negligently failed to train adequately Mr. Freeman and the staff of the Environmental Services.

### Fifth Cause of Action

26. Paragraphs 1 through 25 are incorporated by reference as if fully set forth.

27. Arlington County has negligently failed to train its Sheriffs and Police Offices.

### Sixth Cause of Action

28. Paragraphs 1 through 27 are incorporated by reference as if fully set forth.

29. On or about 6:30 PM, June 23, 2009, the Arlington Sheriff's Office illegally imposed a vehicular stop of the plaintiff on the sole basis of the vanity tag "NOLNESQ" on his year 2000 Chervolet Venture.

30. This illegal pull over violates federal policy for I-66 entry and contradicts standards set by the Court of Appeals for the State of Virginia.

### Seventh Cause of Action

31. Paragraphs 1 through 30 are incorporated by reference as if fully set forth.

32. In violation of 42 U.S.C. 1863 and 1865 and the Virginia State Constitution, the Arlington Sheriff's office searched plaintiff's NOLNESQ tagged vehicle without

probable cause or permission then towed the same without permission to an unknown location for a week without the finding of any contraband or other irregularity.

### Eighth Cause of Action

33. Paragraphs 1 through 32 are incorporated by reference as if fully set forth.

34. The Arlington Sheriff's Office took the plaintiff into custody and denied his requests for water and medical attention for his Diabetes for several hours.

35. The magistrate released plaintiff on his own recognizance so that he could walk to emergency hospital assistance.

36. This police brutality, including an unprovoked assault on or about October 4, 2009, has resulted in two hospital stays in the intensive care unit of Mount Vernon Hospital and intentionally inflicted medical costs exceeding $110,000.

### Ninth Cause of Action

37. Paragraphs 1 through 36 are incorporated by reference as if fully set forth.

38. The Arlington County Police Office has failed to serve plaintiff's complaint for past rent upon Defendants, Captains Evie and Kevin Lynn.

### Tenth Cause of Action

39. Paragraphs 1 through 38 are incorporated by reference as if fully set forth.

39. The Arlington County Police Office served the misdemeanor "slumlord" complaint upon the plaintiff nine hours before an arraignment that it thought he would be unable to attend so that a default criminal conviction could be obtained in abstentia.

40. Since the plaintiff could not be two places at once, he was forced to hire counsel so as to set a December 4, 2009 trial date on the bogus slumlord charge already contradicted by the Arlington Fire Department and the Arlington Department of Environmental Services.

## Parties

41. Arlington County officials herein mentioned and Captains Evie Lynn and Kevin Lynn are agents for one another under applicable state and federal law.

42. The plaintiff is informed and believes that Coast Guard Captains Evie and Kevin Lynn now reside outside of Virginia.

43. The plaintiff is informed and believes that Evie and Kevin Lynn have violated the terms of their United States Coast Guard housing allowance.

## Injuries Included Under the Pendent Jurisdiction of this Federal Court

44. Defendants Evie and Kevin Lynn have committed common law fraud and are liable for tortius breach of their June 1, 2009 rental agreement.

45. Defendants Evie and Kevin Lynn have caused $1100 destruction to the gas hot water heater by their unauthorized turn off of electricity and Arlington Water supply.

46. Defendants Evie and Kevin Lynn have obligated the plaintiff to $1300 in vent cleaning that he never authorized and which was never needed.

47. Defendants Evie and Kevin Lynn are liable for breach of contract damages under common law.

## Jurisdiction and Venue

48. This course and jurisdiction under 18 U.S.C. 1331 to enforce 42 U.SC.1862 regarding tortuous interference with plaintiff rental contract and injuries from violation of his property and liberty interests under color of state title under 42 U.S.C. 1863 and 42 U.S.C. 1865.

7.

49. Venue is proper under the FRCP because the violations alleged herein occurred in Arlington County where the plaintiff is a property owner and a Fairfax County resident.

### Request for Damages

The plaintiff seeks ten million dollars in compensatory and punitive damages from Arlington County for his injuries intentionally and outrageously inflicted, as described herein.

The plaintiff seeks damages to his property by each of the Defendants, jointly and severally.

The plaintiff seeks such other relief that is just and proper.

Respectfully submitted,

David B. Nolan, Sr.
8310 Wagon Wheel Road
Alexandria, VA 22309
(o) 703-780-1864
(FX) 703-780-1434
Dbnesq1@aol.com

December 14, 2009