IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| DAVID B. NOLAN, SR., Plaintiff ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:09CV1426-JCC/TCB |
| ARLINGTON COUNTY ) | |
| EVIE LYNN ) | |
| KEVIN LYNN ) | |
| Does 1 through 30, Defendants ) | |
| ) | |

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6), BY DEFENDANTS KEVIN AND EVELYN LYNN**

Defendants Evelyn Lynn, incorrectly identified in the Complaint as Evie Lynn, and Kevin Lynn, by and through counsel, file this Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and state as follows:

1. On or about December 31, 2009, Plaintiff David B. Nolan, Sr. filed a Complaint naming Evelyn Lynn, incorrectly identified as Evie Lynn, and Kevin Lynn, among others, as Defendants.

2. Paragraph 48 of the Complaint states "This course and jurisdiction under 18 U.S.C. 1331 (*sic*) to enforce 42 U.SC.1862 (*sic*) regarding tortuous (*sic*) interference with plaintiff rental contract and injuries from violation of his property and liberty interests under color of state title under 42 U.S.C. 1863 and 42 U.S.C. 1865." No code section 18 U.S.C. 1331 exists. Further, code provisions 42 U.S.C 1862, 1863, and 1865, pertain to the functions of the National Science Foundation, the National Science Board, and the Executive Committee of the National Science Foundation, respectively, rather than any property or liberty interests of the

Plaintiff.  There is no allegation in the Complaint pertaining to the National Science Foundation, the National Science Board, or the Executive Committee of the National Science Foundation.

3.	The Complaint alleges eleven causes of action (two causes of action are numbered third), in which Plaintiff asserts a number of grievances against Arlington County government and officials, but none of these causes of action state claims against Kevin and Evelyn Lynn.

4.	Plaintiff's Complaint further alleges "Injuries Included Under the Pendent Jurisdiction of this Federal Court" based on state law claims of breach of contract and common law fraud, but fails to plead facts sufficient to satisfy the elements for either claim or to support the Court's exercise of pendent jurisdiction.

5.	The Plaintiff and the Lynns have engaged in litigation at the state level concerning the rental agreement mentioned in Plaintiff's Complaint,[1] which resulted in default judgment in favor of the Lynns and the Court declaring the lease agreement between the Lynns and Plaintiff to be void *ab initio*.  See Exhibit A for copies of the Orders in favor of Kevin and Evelyn Lynn.

**WHEREFORE**, Evelyn Lynn and Kevin Lynn request the following:

1.	That the Court dismiss the Plaintiff's Complaint with prejudice.

2.	Any other relief the Court may deem just and proper.

---

[1] The Court is urged to take judicial notice of litigation at the state level between Kevin and Evelyn Lynn and David B. Nolan, Sr.  Kevin and Evelyn Lynn filed a Complaint on August 10, 2009, against David Nolan in the Circuit Court for Arlington County, Virginia, Case No. 09-1005, for constructive fraud and breach of lease.  Default judgment was granted in favor of Kevin and Evelyn Lynn in the Circuit Court matter on October 23, 2009.  David Nolan filed a Summons for Unlawful Detainer on August 10, 2009 against Kevin and Evelyn Lynn in the General District Court for Arlington County, Virginia, Case No. GV 09005571-00.  Default judgment was granted in favor of Kevin and Evelyn Lynn in the General District Court matter on January 19, 2010.

                        Respectfully submitted,

Date:  March 17, 2010                         /s/
                        JOHN H. QUINN, JR., Virginia Bar No. 6232
                        Attorney for Evelyn Lynn and Kevin Lynn
                        Quinn, Racusin & Gazzola Chtd.
                        1667 K Street, N.W., Suite 720
                        Washington, DC  20006
                        (202) 842-9300 (telephone)
                        (202) 682-0148 (fax)
                        jhq@qrglawfirm.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| DAVID B. NOLAN, SR., Plaintiff  )<br>)<br>v.                                                    )<br>                                                        )   Case No. 1:09CV1426-JCC/TCB<br>ARLINGTON COUNTY                )<br>EVIE LYNN                                     )<br>KEVIN LYNN                                 )<br>Does 1 through 30, Defendants  )<br>                                                        ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6), BY DEFENDANTS KEVIN AND EVELYN LYNN**

**I.    FACTS**

On or about December 31, 2009, Plaintiff David B. Nolan, Sr. filed a Complaint naming Evelyn Lynn, incorrectly identified as Evie Lynn, and Kevin Lynn, among others, as Defendants. Although Plaintiff's Complaint alleges eleven causes of action, none of the purported causes of action state claims against Kevin and Evelyn Lynn. In fact, the alleged causes of action do not appear to state a claim against any party; rather the "causes of action" appear to be the rants of Plaintiff, who has had a number of encounters with officials and agencies of Arlington County, Virginia for failing to comply with traffic laws and housing codes.

In addition to the eleven causes of action, the Complaint seeks to invoke the pendent jurisdiction powers of the Court for claims based on a rental agreement between Plaintiff and Kevin and Evelyn Lynn. Defendants Lynn urge the Court to take judicial notice that the rental agreement between Plaintiff and Kevin and Evelyn Lynn has been declared void *ab initio* by the Arlington County Circuit Court in *Lynn* v. *Nolan*, Case No. 09-1005.

On or about January 13, 2009, the Plaintiff mailed the Complaint, Notice of Lawsuit and Request to Waive Service of a Summons, and one copy of the waiver form to John H. Quinn, Jr.,

counsel who represented Kevin and Evelyn Lynn in litigation against Plaintiff in the Circuit Court for Arlington County, Virginia and the General District Court for Arlington County, Virginia.  Contrary to the requirements of Rule 4(d)(1)(A & C), the notice and request were not addressed to Kevin and Evelyn Lynn, did not contain two copies of the waiver form, and did not include a prepaid means of returning the form.

## II.   THE PARTIES

Kevin and Evelyn Lynn are both Lieutenant Commanders, (not Captains as alleged in the Complaint) in the U.S. Coast Guard who had entered into a rental agreement with Plaintiff. Kevin and Evelyn Lynn reside in Virginia, as does Plaintiff, hence there is no basis for diversity jurisdiction.

## III.   STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate any time a plaintiff "fail[s] to state a claim on which relief can be granted." Fed R. Civ. Pro. 12(b)(6).  In reviewing a 12(b)(6) motion, the Court "must accept well-pleaded allegations as true and construe the factual allegations in favor of the plaintiff."  Williams v. Equity Holding Corp., 498 F. Supp. 2d 831, 837-838 (E. D. Va. 2007) (citing Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994)).  While the Court must construe factual allegations in favor of the Plaintiff, it need not accept the legal effect of conclusory statements in the Complaint.  District 28, United Mine Workers of America, Inc. v. Wellmore Coal Corp., 609 F.2d 1083, 1085 (4th Cir. 1979).

## IV.   ARGUMENT

*A.  The Complaint Fails to State a Claim for Which Relief may be Granted*

In justification of jurisdiction and venue, Paragraph 48 of the Complaint states, "This course and jurisdiction under 18 U.S.C. 1331 (*sic*) to enforce 42 U.SC.1862 (*sic*) regarding

2

tortuous (*sic*) interference with plaintiff rental contract and injuries from violation of his property and liberty interests under color of state title under 42 U.S.C. 1863 and 42 U.S.C. 1865." No code section 18 U.S.C. 1331 exists. Further, code provisions 42 U.S.C 1862, 1863, and 1865, pertain to the functions of the National Science Foundation, the National Science Board, and the Executive Committee of the National Science Foundation, respectively, rather than any property or liberty interests of the Plaintiff. There is no allegation in the Complaint pertaining to the National Science Foundation, the National Science Board, or the Executive Committee of the National Science Foundation.

The third cause of action of the Complaint (more specifically, the first of two "third" causes of action) alleges violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. 1961 et seq. In support of RICO claims, the Complaint alleges that Kevin and Evelyn Lynn colluded with an Arlington County employee to condemn the Plaintiff's rental property, and that the mailing of a condemnation notice pursuant to a housing inspection constituted mail fraud in furtherance of a criminal enterprise by Kevin and Evelyn Lynn. See Complaint, Paragraphs 9 and 10. The Complaint states no facts that support a RICO claim. To support a RICO claim, Plaintiff must allege the following elements: (1) a person, (2) an enterprise, (3) a pattern of (4) racketeering activity (5) which causes injury to the plaintiff. <u>Williams v. Equity Holding Corp.</u>, 498 F. Supp.2d. 831, 840 (E.D. Va. 2007) (citing Myers v. Finkle, 758 F.Supp. 1102, 1111 (E.D.Va. 1990)). The racketeering activity alleged by Plaintiff, as defined in 18 U.S.C. 1961(1)(B), consists of "any act which is indictable under...18 U.S.C. section 1341 (relating to mail fraud)." Mail fraud, as defined in 18 U.S.C. 1341, requires a showing of 1) a scheme to defraud and 2) using the mail to execute the scheme. The Complaint fails to allege facts showing how a housing inspection and the mailing of the results of the

3

inspection constitute a scheme to defraud and use of the Postal Service to further that scheme. Further, a RICO claim must show a pattern of the racketeering activity, defined as "at least two acts of racketeering activity…the last of which occurred within ten years…after the commission of a prior act of racketeering activity." 18 U.S.C. 1961(5). The complaint fails to allege facts showing two acts of racketeering activity that occur within ten years of each other.

The remaining ten causes of action in Complaint are conclusory statements and fail to state any claim for which relief may be granted.

### B. *No Basis for Pendent Jurisdiction*

The Complaint urges the Court to exercise its discretion to invoke the doctrine of pendent jurisdiction over state law claims of common law fraud and tortious breach of contract. The following factors should be present before the Court may properly exercise its power of pendent jurisdiction:

(1) the relationship between the primary claim and the pendent claim must permit the conclusion that the entire action comprises but one claim;

(2) the primary claim must be one of substance;

(3) the primary claim and the pendent claim must arise out of a common nucleus of operative facts; and

(4) the primary claim and the pendent claim must be such as would ordinarily be tried in one judicial proceeding.

Wittersheim v. General Transportation Services, Inc., 378 F.Supp. 762, 765 (E.D. Va., 1974). The Complaint fails to allege facts in support of the factors to be considered by the Court in determining whether or not to exercise pendent jurisdiction over the state claims. Indeed, the Court is urged to take judicial notice that Plaintiff is unable to allege the fact that a valid contract

exists between Plaintiff and Kevin and Evelyn Lynn because the rental agreement they had executed has been declared void *ab initio* by the Circuit Court for Arlington County Virginia.[1]

WHEREFORE, Kevin and Evelyn Lynn request that the Complaint be dismissed with prejudice.

Respectfully submitted,

Date: March 17, 2010

/s/
John H. Quinn, Jr., Virginia Bar No. 6232
Attorney for Evelyn Lynn and Kevin Lynn
Quinn, Racusin & Gazzola Chartered
1667 K Street, N.W., Suite 720
Washington, DC  20006
(202) 842-9300 (telephone)
(202) 682-0148 (fax)
jhq@qrglawfirm.com

---

[1] The Court is urged to take judicial notice of litigation at the state level between Kevin and Evelyn Lynn and David B. Nolan, Sr.  Kevin and Evelyn Lynn filed a Complaint on August 10, 2009, against David Nolan in the Circuit Court for Arlington County, Virginia, Case No. 09-1005, for constructive fraud and breach of lease.  Default judgment was granted in favor of Kevin and Evelyn Lynn in the Circuit Court matter on October 23, 2009.  David Nolan filed a Summons for Unlawful Detainer on August 10, 2009 against Kevin and Evelyn Lynn in the General District Court for Arlington County, Virginia, Case No. GV 09005571-00.  Default judgment was granted in favor of Kevin and Evelyn Lynn in the General District Court matter on January 19, 2010.

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2010, a copy of the foregoing Motion to Dismiss was served by first class mail, postage prepaid upon the following defendant:

**DAVID B. NOLAN, ESQ.**
**8310 WAGON WHEEL ROAD**
**ALEXANDRIA, VA 22309**

This Motion to Dismiss has not been served on Arlington County and Does 1-30 because they have not entered an appearance and because these parties have no known address.

Dated:  March 17, 2010                               /s/
                                                         JOHN H. QUINN, JR.