IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| DAVID B. NOLAN, SR., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:09cv1426 (JCC/TCB) |
| ARLINGTON COUNTY, et al., | ) ) | |
| Defendants. | ) ) | |

# **A M E N D E D   M E M O R A N D U M   O P I N I O N**[1]

This matter is before the Court on Defendants Evelyn L. Lynn and Kevin P. Lynn's Motion to Dismiss *pro se* Plaintiff David B. Nolan, Sr.'s Complaint. For the following reasons, the Court will grant Defendants' Motion.

## **I. Background**

This case appears to arise out of Plaintiff's rental property located 2310 S. Fort Scott Drive, Arlington, Virginia ("Property") and the four-year rental lease of the Property into which Defendants Evelyn and Kevin Lynn entered then voided on or about July 16, 2009. Plaintiff also alleges a number of run-ins he encountered with various agencies of Arlington County, a few of which are not related to his ownership of the Property. On

---

[1] The original Memorandum Opinion [Dk. 7] shall have no force or effect as it has been superseded by this Amended Memorandum Opinion. The original Order [Dk. 8] regarding the Memorandum Opinion is also superseded by the Amended Order and shall have no force or effect.

1

December 31, 2009, Plaintiff David B. Nolan, Sr. ("Nolan" or "Plaintiff") filed a Complaint containing eleven causes of action against Defendants Arlington County, Evie Lynn (whose correct name is Evelyn Lynn), Kevin Lynn, and Does 1-30.

The Complaint contains following eleven causes of action: (1) collusion "to service the plaintiff with a misdemeanor slumlord complaint regarding the alleged July 16, 2009 housing deficiency" by the Arlington County Sheriff's Office and the Arlington County Police Department (Compl. ¶¶ 16-17); (2) "falsely charg[ing] plaintiff . . . property taxes . . . for a property that is falsely claimed was 'uninhabitable'" by Arlington County (Compl. ¶ 19); (3) the Racketeer Influenced and Corrupt Organizations ("RICO") Act violation under 18 U.S.C. § 1961, *et seq.* (Compl. ¶ 21); (4) "falsely disparag[ing] plaintiff's 2310 S. Fort Drive mansion" to prevent "re-rent[ing]" of the mansion (Compl. ¶ 23); (5) negligent failure to adequately train Arlington County Environmental Services officer Freeman and the staff of the Environmental Services (Compl. ¶ 25); (6) negligent failure by Arlington County to "train its Sheriffs and Police Officers" (Compl. ¶ 27); (7) "illegally impos[ing] a vehicular stop of the plaintiff on the sole basis of the vanity tag 'NOLNESQ' on his year 2000 Chervolet Venture" in violation of "federal policy for I-66 entry" and in contradiction of the "standards set by the Court of Appeals for the State of Virginia"

(Compl. ¶¶ 29-30); (8) searching "plaintiff's NOLNESQ tagged vehicle without probable cause or permission then tow[ing] the same without permission to an unknown location for a week without the finding of any contraband or other irregularity" in violation of "42 U.S.C. [§§] 1863 and 1865 and the Virginia State Constitution" (Compl. ¶ 32); (9) denial of medical attention when "[t]he Arlington Sheriff's Office took the plaintiff into custody" and "policy brutality . . . result[ing] in two hospital stays . . . and . . . medical costs exceeding $110,000" (Compl. ¶¶ 34-36); (10) failure to "serve plaintiff's complaint for past rent upon Defendants, Captains Evie and Kevin Lynn" (Compl. ¶ 38); and (11) serving "the misdemeanor 'slumlord' complaint upon the plaintiff nine hours before an arraignment that [the Arlington County Police Office] thought he would be unable to attend so that a default criminal conviction could be obtained in abstentia [*sic*]" (Compl. ¶ 39). Plaintiff seeks a jury trial and "ten million dollars in compensatory damages and punitive damages" from Arlington County. Plaintiff also seeks "damages to his property by each of the Defendants, jointly and severally" as well as such other relief this Court deems just and proper.[2]

On March 17, 2010, Defendants Evelyn and Kevin Lynn

---

[2] Plaintiff in his opposition further submits that Defendants Evelyn and Kevin Lynn owe him $3300 in rent for each of the months of August, September, October, November and December 2009 - a total of $16,500. Plaintiff additionally submits that this damage figure must be trebled within the meaning of 18 U.S.C. § 1961, *et seq.*, and thus seeks a total of $49,500 plus filing costs against the Lynns. (Pl.'s Opp. 4.)

jointly moved to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants' Motion included proper *Roseboro* notice pursuant to Local Rule 7(K). Plaintiff filed an untimely opposition to Defendants' Motion on April 30, 2010. This Motion is before the Court.

## II. Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *See Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994) (citation omitted). In deciding a motion to dismiss, "the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citation omitted). Moreover, "the complaint is to be liberally construed in favor of plaintiff." *Id.* A motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007) (citation omitted). The standard set forth in *Twombly* applies to all civil actions. *Ascroft v. Iqbal*, 129 S.Ct. 1937, 1955 (2009) (citation omitted).

The Court must consider a two pronged approach when

4

reviewing a complaint facing a motion to dismiss.  *Id.* at 1950.  First, the court must identify and reject legal conclusions unsupported by factual allegations because they are not entitled to the presumption of truth.  *Id.* at 1951.  "Bare assertions" that amount to nothing more than a "formulaic recitation of the elements" do not suffice.  *Id.* (citations omitted).  Second, assuming the veracity of "well-pleaded factual allegations", the Court must conduct a "context-specific" analysis drawing on "its judicial experience and common sense" and determine whether the allegations "plausibly suggest an entitlement to relief."  *Id.* at 1950-51.  The plausibility standard requires more than a showing of "a sheer possibility that a defendant has acted unlawfully".  *Id.* at 1949.  Rather, the Court should be able "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

The Court is mindful to hold *pro se* complaints to a less stringent standard than those drafted by attorneys.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Nevertheless, while pro se litigants "cannot . . . be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in the law, neither can district courts be required to conjure up and decide issues never fairly presented to them."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985).  Even in cases involving pro se litigants,

5

district courts "cannot be expected to construct full blown claims from sentence fragments."  *Id.* at 1278.

### III.  Analysis

As an initial matter, the Court first considers whether it has proper subject matter jurisdiction over this case.  The Court notes that it not only has a right but a duty to inquire *sua sponte* into whether subject matter jurisdiction exists if the basis of such jurisdiction appears questionable as in this case.  *See Roche v. Lincoln Property Co.*, 373 F.3d 610, 621 (4th Cir. 2004), reversed on other grounds by *Lincoln Property Co. v. Roche*, 546 U.S. 81, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005) ("Because the parties may not waive or consent to federal subject matter jurisdiction-indeed we must raise sua sponte if jurisdiction appears questionable.")

Federal subject matter jurisdiction may exist if there is either (1) a "federal question" pursuant to 28 U.S.C. § 1331 or (2) diversity of citizenship between the parties and more than $75,000 in controversy pursuant to 28 U.S.C. § 1332.  The Federal Rules of Civil Procedure 12(h)(3) provides that  "[i]f the court determines at any time it lacks subject-matter jurisdiction, the court *must* dismiss the action."  Fed. R. Civ. P. 12(h)(3) (emphasis added).  The Court notes that "[l]ack of subject matter jurisdiction may be raised at any time either by a litigant or the court" and "the burden of proof is on the plaintiff" to prove

6

that the district court has proper jurisdiction over his or her case. *NGM Ins. Co. v. Jenkins*, 2009 WL 1704383, *2-3 (W.D.N.C. 2009) (internal citation omitted). The district court may regard the allegations in the pleadings as mere evidence when determining whether jurisdiction exists without converting the motion before it to one for summary judgment. *Richmond, Fredricksburg & Potomac R.R. Co. V. United States*, 945 F.2d 765, 768-69 (4th Cir. 1991) (internal citations omitted).

In this case, there is no basis for diversity jurisdiction because there does not exist complete diversity as Defendants Evelyn and Kevin Lynn are also residents of Virginia. (Def.'s Mem. 2.) Thus, federal subject matter jurisdiction is only available if there is a federal question before the Court. The Complaint alleges that this Court has jurisdiction under "18 U.S.C. [§] 1331 to enforce 42 U.SC. [§] 1862 [*sic*] regarding tortuous [*sic*] interference with plaintiff [*sic*] rental contract and injuries from violation of his property and liberty interests under color of state title under 42 U.S.C. [§] 1863 and 42 U.S.C. [§] 1865." (Compl. ¶ 48.) As argued by Defendants, there is no code section "18 U.S.C. 1331." (Def.'s Mem. 3.) Further, the code provisions cited by Plaintiff - 42 U.S.C. §§ 1862, 1863, and 1865 - simply "pertain to functions of the National Science Foundation, the National Science Board, and the Executive Committee of the National Science Foundation" which are wholly

7

unrelated to the matter before the Court. (Def.'s Mem. 3.)

Even if the Court were to assume that Plaintiff meant to assert a "federal question jurisdiction" under 28 U.S.C. § 1331, the Court's analysis and conclusion remain unchanged. The only possible claims that appears to arise under the Constitution, laws, or treaties of the United States as required by 28 U.S.C. § 1331 are his alleged "RICO" claim and his cruel and unusual punishment claim in violation of the Eighth Amendment. (Compl. ¶¶ 9-10, 21).

To make out a prima facie RICO claim, a plaintiff must allege the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity, and (5) a resulting injur[y] in his business or property (6) by reason of the RICO violation." *D'Addario v. Geller*, 264 F.Supp.2d 367, 388 (E.D. Va. 2003). One of the racketeering activities as defined by 18 U.S.C. § 1961(1) is federal mail fraud. "The elements of mail fraud are (1) a scheme disclosing an intent to defraud, and (2) the use of the mails in furtherance of the scheme." *Chisolm v. TranSouth Fin. Corp.*, 95 F.3d 331, 336 (4th Cir. 1996) (citing *Pereira v. United States*, 347 U.S. 1 (1954)).

Plaintiff alleges that Evelyn and Kevin Lynn colluded with an Arlington County Department of Environmental Health employee to condemn the Property, and that the mailing of a condemnation notice constituted a predicate act of mail fraud in

8

furtherance of the criminal enterprise by Evelyn and Kevin Lynn. (Compl. ¶¶ 9-10). It is unclear to the Court how the mailing of a condemnation notice could constitute a "scheme disclosing an intent to defraud." Additionally, a "pattern of racketeering activity," requires a showing of "at least two acts of racketeering activity . . . within ten years" of each other. 18 U.S.C. § 1961(5). Plaintiff, other than his allegation regarding the mailing of a condemnation notice, failed to allege a potential act of racketeering activity to meet this showing. Thus, the court finds that Plaintiff has failed to allege facts sufficient to state a RICO claim.

Next, Plaintiff alleges that "[t]he Arlington Sheriff's Office took the plaintiff into custody and denied requests for water and medical attention for his Diabetes for several hours" and the denial "resulted in two hospital stays in the intensive care unit of Mount Vernon Hospital . . ." (Compl. ¶¶ 34, 36.) Though not clearly stated, the Court assumes that Plaintiff's argument is that Defendant Arlington County subjected him to cruel and unusual punishment in violation of the Eighth Amendment by denying him water and medical attention.

In order to establish a claim of cruel and unusual punishment in violation of the Eighth Amendment, a plaintiff must satisfy a two-prong test. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The first prong is an objective inquiry, which requires

9

a plaintiff to prove a sufficiently serious deprivation. *Id.* "In the context of a conditions-of-confinement claim, to demonstrate that a deprivation is extreme enough to satisfy the objective component of an Eighth Amendment claim, a prisoner must 'produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions.'" *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993) (internal citations and quotations omitted). Further, the deprivation must violate contemporary notions of decency. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The second prong is a subjective inquiry, requiring a plaintiff to show that prison officials acted with deliberate indifference towards plaintiff's needs. *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Nothing in the Complaint suggests to the Court that the Arlington County Sheriff's Office knew of Plaintiff's physical condition yet disregarded a risk to Plaintiff's health or safety. Accordingly, the Court finds that Plaintiff has failed to allege

facts sufficient to state a claim of cruel and unusual punishment in violation of the Eighth Amendment because he has not asserted a sufficiently deliberate indifference to his serious medical needs. Therefore, plaintiff has failed to state a claim for cruel and unusual punishment. Because Plaintiff failed to sufficiently allege both his RICO and the Eighth Amendment claims, the Court finds that there is no federal question presented in Plaintiff's Complaint and that it does not have subject matter jurisdiction over this case.

The Supreme Court has held that when a federal court resolves a question of federal law which was the basis of federal jurisdiction, it may remand the remaining state law claims to state court where doing so would serve the interests of "economy, convenience, fairness, and comity." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 351, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); 28 U.S.C. § 1367(c)(3). The Supreme Court cautioned that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a superfooted reading of applicable law." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Thus, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims set forth in his Complaint pursuant to 28 U.S.C. §

1367(c)(3).[3]

## IV. Conclusion

For the foregoing reasons, the Court will grant Defendants Evelyn and Kevin Lynn's Motion to Dismiss. The Court will dismiss Plaintiff's Complaint with respect to Count III (a RICO claim) and Count IX (an Eighth Amendment violation claim) for lack of subject matter jurisdiction and will decline to exercise supplemental jurisdiction over the remaining state law claims.

An appropriate Order will issue.

| | |
|---|---|
| May 10, 2010<br>Alexandria, Virginia | /s/<br>James C. Cacheris<br>UNITED STATES DISTRICT COURT JUDGE |

---

[3] Defendants request the Court to take judicial notice of litigation at the state level between Evelyn and Kevin Lynn and David B. Nolan, Sr. The Court believes that doing so does not change the ruling of this Court as Plaintiff asserted a number of claims that do not seem to have been brought up or fully litigated at the state level.

12